IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MARY E. MARTIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Civil Action No. 5:11cv00075 |
| v. | ) |
| | ) |
| WAL-MART STORES, INC., | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is defendant's **Motion to Compel and Supporting Memorandum (Dkt. #s 11 and 12)**, filed on October 25, 2011. Plaintiff has not filed any memoranda in opposition to the motion.

This matter involves a personal injury claim by plaintiff against defendant arising out of a slip-and-fall incident in one of defendant's stores. On August 29, 2011, the court issued a scheduling order (Dkt. # 8) and ordered the parties to file initial disclosures under Federal Rule of Civil Procedure 26(a) within thirty days of the order, or by September 29, 2011. Defendant filed the instant motion to compel on October 25, 2011, and stated that plaintiff had not complied with the court's order by filing her initial disclosures and had not responded to defendant's first set of interrogatories and requests for production of documents, which were mailed by defendant to plaintiff on July 26, 2011. Counsel for defendant stated that he has made a good faith effort to obtain these discovery responses without court action. Defendant now seeks any and all appropriate sanctions from the court or, alternatively, an order compelling plaintiff to provide the disclosures required by Rule 26(a). Plaintiff had fourteen days from October 25, 2011, to file any memoranda in opposition to the motion, by November 8, 2011. To date, no memoranda in

opposition have been filed. Accordingly, the court will consider defendant's motion as unopposed.

Rule 26(a) provides that a party in any lawsuit must provide initial disclosures to the other parties in the lawsuit, which includes (1) the names and addresses of individuals with potentially discoverable information, (2) copies of documents and tangible items that may be used to support its claim or defense, (3) a computation of damages, and (4) any relevant insurance agreements. FED. R. CIV. P. 26(a). Federal Rule of Civil Procedure 37 states that "a party may move for an order compelling disclosure or discovery" if a party "fails to make a disclosure required by Rule 26(a)" or "fails to answer an interrogatory" or respond to a request for production or inspection of documents or other items. FED. R. CIV. P. 37(a)(1) and (a)(3). The party making such a motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a). Counsel for defendant in this matter has indicated that plaintiff's counsel has not provided initial disclosures and has failed to respond to interrogatories and requests for production of documents. He has further stated that he has made a good faith effort to obtain his discovery requests without court action, and he has provided the court with a letter to plaintiff's counsel to that effect (Dkt. # 12, Ex. A).

Rule 26(a) also provides that if a motion to compel disclosure or discovery is granted, then "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 26(a)(5)(A). However, "the court must not order this payment if . . . the opposing party's

nondisclosure, response, or objection was substantially justified" or if "other circumstances make an award of expenses unjust." Id.

Accordingly, **IT IS ORDERED** that defendant's **Motion to Compel (Dkt. # 11)** is **GRANTED**.  Counsel for plaintiff shall provide defendant with the initial disclosures required by Rule 26(a) and full and complete responses to defendant's first set of interrogatories and requests for production of documents within fourteen (14) days of this order.  Counsel for plaintiff is also **ORDERED TO SHOW CAUSE** why he should not be ordered to pay the opposing party's reasonable expenses incurred in making the instant motion, including attorney's fees, by filing a memorandum within fourteen (14) days of this order.  The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

Entered:  December 1, 2011

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge